### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

| | |
|---|---|
| **LYNN GARY SMITH,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:09-0660** |
| ) | |
| **DAVID BERKEBILE, Warden,** ) | |
| **FCI Beckley,** ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be denied

### FACT AND PROCEDURE

On January 8, 2004, Petitioner pled guilty in the United States District Court for the Eastern District of North Carolina to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One); one count of possessing at least five grams of cocaine base (crack) with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) (Count Two); and one count of using, carrying, or possessing a firearm during and in relation to a drug trafficking crime in violation

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of 18 U.S.C. § 924(c)(1) (Count Three). <u>United States v. Smith</u>, Case No. 7:03-cr-00093 (E.D.N.C. April 14, 2004). On April 13, 2004, the District Court sentenced Petitioner to a 70 month term of imprisonment as to Counts One and Two to run concurrently, and a 60 month term of imprisonment as to Count Three to run consecutively to Counts One and Two. <u>Id.</u>, Document No. 25. Petitioner filed a Notice of Appeal. <u>Id.</u>, Document No. 26. The Fourth Circuit denied Petitioner's appeal on August 26, 2005. <u>United States v. Smith</u>, 146 Fed.Appx. 624 (4th Cir. 2005).

On February 5, 2008, Petitioner filed in Eastern District of North Carolina a Motion for Retroactive Application of Sentencing Guidelines regarding Petitioner's Crack Cocaine Offense.[2] <u>Smith</u>, Case No. 7:03-cr-00093, Document Nos. 32, 34, and 35. By Memorandum Opinion and Judgment Order entered on October 2, 2008, the District Court granted Petitioner a sentence reduction under 18 U.S.C. § 3582(c)(2). <u>Id.</u>, Document No. 36. The District Court reduced Petitioner's sentence to a "total revised sentence of 120 months." <u>Id.</u>

On October 21, 2008, Petitioner filed in the Eastern District of North Carolina a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. <u>Id.</u>, Document No. 40. As grounds of *habeas* relief, Petitioner asserted he was actually innocent of Count Three based upon <u>Watson v. United States</u>, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). By Order entered on October 28, 2008, the District Court directed Petitioner to file a written amendment explaining why the one year statute of limitations has not expired or why it should be equitably tolled. <u>Id.</u>, Document No. 42. On November 14, 2008, Petitioner filed his Response

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

arguing that his claims were timely because (1) the Judgment Order entered on October 2, 2008, reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2) operated to "re-set" the one-year limitations period; and (2) the limitations period should be "re-set" because Petitioner is actually innocent based upon Watson. Id., Document No. 44. On November 19, 2008, the District Court denied Petitioner's Section 2255 Motion finding that (1) Petitioner's re-sentencing did not re-set the Section 2255 limitations period, and (2) "[t]he Watson case provides no grounds for relief here because there was no evidence that Smith attempted to trade a gun for drugs, or vice versa." Id., Document Nos. 45 and 46. Petitioner filed a Notice of Appeal on December 19, 2008. Id., Document No. 48. On June 5, 2009, the Fourth Circuit dismissed Petitioner's appeal. United States v. Smith, 326 Fed.Appx. 168 (4th Cir. 2009).

On June 12, 2009, Petitioner filed the instant Application alleging that his Section 924(c) conviction is invalid based upon Watson v. United States, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). (Document No. 1.) Petitioner explains that he "did not use a gun in a drug transaction, and there was no transaction at all." (Id., p. 7.) Petitioner argues that "[t]he act which I was convicted is no longer considered to be a crime." (Id.) Accordingly, Petitioner requests that his Court grant him *habeas* relief. (Id.)

On December 6, 2011, Petitioner, by counsel, filed in the Eastern District of North Carolina a "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) and Incorporated Memorandum." Smith, Case No. 7:03-cr-00093, Document No. 60. By Order entered on January 19, 2012, the District Court denied Petitioner's Motion. Id., Document No. 61.

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court

3

must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

 Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction

or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

  Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The Court finds that substantive law did not change subsequent to Petitioner's first

Section 2255 Motion. On December 10, 2007, the United States Supreme Court held that a person who trades drugs for firearms does not "use" a firearm within the meaning of Section 924(c)(1). Watson, 552 U.S. at 82, 128 S.Ct. at 586. Petitioner filed his first Section 2255 Motion on October 21, 2008, wherein he challenged the validity of his conviction based upon Watson. Although the Eastern District of North Carolina determined that Petitioner's Section 2255 Motion was untimely, the District Court addressed the merits of his Watson claim. Specifically, the District Court stated as follows:

> Smith also contends that the limitations period should be "reset" because he is "actually innocent." Specifically, in reliance on *Watson v. United States*, 128 S.Ct. 579 (2007)(firearm is not "used" if received in trade for drugs), and *Bailey v. United States*, 516 U.S. 137 (1995)("use" of a firearm means active employment; it connotes more than mere possession), he claims he did not use a gun in a drug transaction because there was no drug transaction at all. The record reveals, however, that Smith pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1); as well as possessing at least five grams of cocaine base (crack) with the intent to distribute it, 21 U.S.C. § 841(a)(1). It is irrelevant to his guilt that Smith was unsuccessful in consummating the drug sale on August 7, 2002. The *Watson* case provides no grounds for relief here because there was no evidence that Smith attempted to trade a gun for drugs, or vice versa.

Smith, Case No. 7:03-cr-00093, Document No. 45, pp. 2 - 3.[3] Thus, substantive law did not change

---

[3] Section 924(c)(1)(A) provides that an individual's punishment can be enhanced if an individual "uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." As stated above, the *Watson* Court held that a person who trades drugs for firearms does not "use" a firearm within the meaning of Section 924(c)(1). *Watson*, 552 U.S. at 82, 128 S.Ct. at 586. In *United States v. Wood*, the Fourth Circuit stated that it was joining the Sixth, Eighth, and Tenth Circuits in holding that Section 924(c) creates distinct "use and carry" and "possession" offenses. *United States v. Wood*, 271 Fed.Appx. 338, 343 (4th Cir. Mar. 26, 2008)(per curiam). Thus, the Fourth Circuit recognized that Section 924(c) has two prongs: (1) the statute criminalizes the use or carrying of a firearm in relation to a drug trafficking crime; and (2) the statute criminalizes the possession of a firearm in furtherance of a drug trafficking crime. The Fourth Circuit, therefore, found that Mr. Woods was charged with "possession" rather than "use" of a firearm, and "he obviously 'possessed' firearms, under any meaning of that term, when he obtained them in the

subsequently to Petitioner's first Section 2255 motion. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

course of his drugs-for-guns business." *Id.*, at 346; *also see United States v. Robinson*, 627 F.3d 941, 955 (4th Cir. 2010)(holding that "trading drugs for guns constitutes possession in furtherance within the meaning of § 924(c)"); *Hudson v. Cauley*, 2010 WL 5109878, * 5 - 6 (S.D.W.Va. Dec. 9, 2010)(J. Copenhaver)(finding that petitioner was not entitled to relief under *Watson* because petitioner was convicted of violating the "possession" prong of Section 924(c)).

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: May 1, 2012.

R. Clarke VanDervort
United States Magistrate Judge